JOURNAL ENTRY and OPINION
This is a post Senate Bill 2 (Chapter 2929 of the Ohio Revised Code) appeal by appellant Claude Berry who pleaded guilty to one count of gross sexual imposition and one count of sexual battery. The trial court, thereafter, sentenced him to the longest term available on each of the counts and ordered him to serve each sentence consecutively. Berry challenges the trial court's ruling and assigns the following errors for our review:
 I. THE TRIAL COURT ERRED IN IMPOSING MAXIMUM TERMS OF ALL COUNTS AND CONSECUTIVE PRISON TERMS ON CASES.
 II. THE TRIAL COURT ERRED IN FAILING TO MAKE FINDINGS GIVING REASONS FOR THE MAXIMUM SENTENCE IMPOSED AND CONSECUTIVE TERMS.
 III. THE TRIAL COURT ERRED IN FAILING TO MAKE A RECIDIVISM DETERMINATION UNDER 2929.12.
Having reviewed the record and the arguments of both the appellee State of Ohio and appellant Claude Berry, we reverse the trial court's sentence on each count as well as its order to run the sentences consecutively, and remand for resentencing. The apposite facts follow.
The facts of this case are not in dispute. Claude Berry, a local minister, 38 years of age, engaged in sexual activity with two underage minors who were members of his church. The girls 14 and 15 testified in a jury trial, and after two days of trial, Berry entered a plea to two counts.
Initially, he had been indicted on four counts of gross sexual imposition, and a later indictment involving the second victim charged him with three counts of gross sexual imposition and ten counts of sexual battery.
After the plea, the trial court held a hearing classifying Berry as a sexual predator. The trial court had a presentence report wherein Berry admitted engaging in sexual activity with each girl.
The trial court after reviewing the report, hearing from the victims, and arguments from both lawyers, imposed the maximum prison term on both counts. The trial court then set out a number of factors to support its imposition of a jail sentence. The court spoke at length about the impact of these crimes on the victims, their families, and the community at large. The court noted that the disease of pedophilia is by most expert accounts incurable. The court also stated that a third victim had been identified for whom charges were not pending. The prosecution informed the court that Berry had served two days in jail for a misdemeanor and had a prior theft offense.
The trial court imposed the 18 month maximum jail term for gross imposition and five years maximum jail term for sexual battery. Berry claims under Senate Bill 2 the maximum imprisonment is not warranted; that the trial court failed to make findings; that at best he should have received the shortest term or a community control sanction; and that the trial court failed to find the recidivism factor as required under R.C.2929.12.
We will address the assigned errors in reverse order taking assigned error three first and discussing assigned errors one and two together.
In assigned error three, Berry argues that the trial court could not have ordered him to serve jail time under Senate Bill 2 because the trial court failed to make the requisite finding of recidivism as required under R.C. 2929.12. Because of our reversal on assigned errors one and two, we conclude that assigned error three is moot.
In assigned errors one and two, Berry argues that the trial court's order of maximum and consecutive jail time contravened the true meaning of Senate Bill 2, and the trial court failed to make a finding on each count that states its reasons for the sentences. Berry also argues but does not specifically assign as error that under R.C. 2929.14(B), the trial court should have imposed the shortest prison term not the maximum under R.C.2929.14(C).
The law is well defined that this court will not reverse a trial court on issues involving Senate Bill 2, unless the defendant shows by clear and convincing evidence that the trial court has erred. See R.C. 2953.08(6)(1) and (d) "Clear and convincing evidence is more than a mere preponderance of the evidence. Rather, a petitioner must prove each of its allegations, clearly and convincingly, producing in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assoc. v. Massengale
(1991), 58 Ohio St.3d 121, 122, 568 N.E.2d 1222, 1223, State v.Hamilton (May 14, 1999), Darke App. No. 1471, unreported, quotingIn re Brown (1994), 98 Ohio App.3d 337, 342-343, 648 N.E.2d 576,579.
Applying the clear and convincing standard to these factors, we conclude that the trial court did not follow the mandates of Senate Bill 2, specifically as it refers to the imposition of maximum and consecutive terms. Whether Berry should have received the shortest term under R.C. 2929.14(B) remains to be determined by the trial court in light of this court's remand for resentencing.
R.C. 2929.14 (basic prison terms) is meant to be read in conjunction with R.C. 2929.19 (sentencing hearing). Specifically, when a court imposes the longest prison term under R.C. 2929.14
(C), the trial court should look to R.C. 2929.19(B)(2)(d)(e) for guidance as to the sentencing hearing itself. Likewise, when a court imposes consecutive terms under R.C. 2929.19(B)(2)(c), R.C. 2929.19(B)(2) specifically mandates that a trial court make "a finding that gives its reasons for selecting a sentence." We read selecting a sentence" to mean imposition of community control, the shortest term, the longest term, or consecutive terms. We read "finding" to mean the various findings outlined in R.C. 2929.14 and "reasons" should mean the trial court's stated basis for its "findings."
In this case, we are concerned with two selected sentences chosen by trial court, i.e., maximum and consecutive terms; however, the trial court failed to make a finding under R.C.2929.14(C) (maximum terms) or R.C. 2929.14(E)(4)(a)(b)(c) (consecutive terms). Without making a finding itself, the trial court also failed to provide the necessary "finding that gives its reasons." State v. Edmonson (1999), 86 Ohio St.3d 324, 329,715 N.E.2d 131. State v. Kebe (November 12, 1998), Cuyahoga App. No. 73398, unreported.
We, therefore, read Edmonson to require when imposing the maximum term under R.C. 2929.14(C) that the trial court must make a "category finding" under R.C. 2929.14(C) and also give its reason for the "category finding" under R.C. 2929.14(C). Otherwise, the General Assembly's policy of curtailing maximum terms will result in a nullity. Edmonson, 86 Ohio St.3d at 329,715 N.E.2d at 135.
Here, the trial court imposed the longest terms allowed for both sexual imposition and sexual battery. However, it failed to make a "category finding" under R.C. 2929.14(C). R.C. 2929.14
(C) states that a trial court may impose the longest prison term "only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section. Without a category finding, the trial court equally fails to give its reasons under R.C. 2929.19(B)(2)(e) for imposing the longest term for two or more offenses arising out of a single incident. Accordingly, we remand this matter to the trial court for resentencing consistent with this court's holding that before it can impose the maximum under R.C. 2929.14(C), it must find that the offender fits one of the stated categories.
We note that in State v. Kebe, supra, this court held that gross sexual imposition was not on the Kebe facts, the worst form of the offense. This may not be the case in the Berry facts. Whatever the findings, it rests in the province of the trial court. Once the trial court has found that the offender fits one of the stated "category findings," it must give its reason when the sentence is for two or more offenses arising out of a single incident. R.C. 2929.19(B)(2)(e).
We also conclude that the above reasoning should apply when the trial court imposes consecutive sentences. We are mindful thatState v. Edmonson only addressed a maximum term for a single offense (R.C. 2929.14(C) and R.C. 2929.19(B)(2)(d). However, we believe the same rationale applies when the trial court imposes consecutive sentences.
R.C. 2929.14(E)(4) sets the terms for imposition of consecutive or multiple prison terms. It requires the trial court to find whether the consecutive term is necessary to protect the public from future crime or punish the offender. R.C. 2929.14 (E) (4) requires that the multiple terms not be disproportionate to the seriousness of the offender's conduct and danger his conduct poses to the public; and the trial court is required to find any of the categories of the offender's behavior as listed in R.C.2929.14(E)(4)(a)(b)(c)). In substance, those categories (R.C. 2929.14(E)(4)(a)(b)(c) are of offenders who are waiting trial or sentencing on probation; caused severe and deliberate harm; or has a history of recidivism making consecutive terms necessary to protect the public.
Once the trial court has made an R.C. 2929.14(E)(4)(a)(b) (c) category finding, then the trial court must give its reason under R.C. 2929.19(B)(2)(c), consecutive terms. Accordingly, we conclude that without the reasoning for the sentence on this record, it is difficult to confirm whether the trial court heeded the General Assembly's policy meant to curtail consecutive sentences.
Accordingly, under Edmonson, a trial court must make a finding and give its reasons as set forth and required under R.C. 2929.14
(C)(E)(4)(a)(b)(c) and R.C. 2929.19(B)(2)(c)(e) before impositions of the longest terms and consecutive terms.
We reverse and remand this matter for resentencing consistent with this opinion.
This cause is reversed and remanded.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE. P.J., and ANNE L. KILBANE. J., CONCUR.
 _______________________________ PATRICIA ANN BLACKMON JUDGE